CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

JUN 3 0 2009

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

|  |  |  |
|---|---|---|
| HOLLY BRANHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _6:09CV00037_ |
| | ) | |
| DOLGENCORP, INC., *etc.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DOLGENCORP, INC.'S MEMORANDUM SUPPORTING ITS MOTION TO DISMISS
## HOLLY BRANHAM'S COMPLAINT

The defendant, Dolgencorp, Inc. ("Dolgencorp"), by counsel, states the following in support of its Motion to Dismiss Holly Branham's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons discussed below, Dolgencorp respectfully asks the Court to dismiss Branham's Complaint, with prejudice, and to award Dolgencorp all such other and further relief that the Court deems appropriate and just.

### INTRODUCTION

The Complaint attempts to request a judgment against Dolgencorp without alleging a plausible factual basis supporting entry of a judgment against Dolgencorp – an impossibility under federal pleading requirements. Viewed even in the light most favorable to Branham, the Complaint alleges, at most, facts consistent with a breach of duty by Dolgencorp – not facts sufficient to state a facially plausible claim against it. Although the Complaint might allege sufficient factual matter to show a possibility of liability on Dolgencorp's part, the Complaint

does not allege a plausible claim against Dolgencorp, as discussed below, and thus fails to meet federal pleading requirements.  The Complaint should be therefore dismissed under Rule 12(b)(6), with prejudice.

PRINCIPLES OF LAW, AUTHORITIES, AND ARGUMENT

I.     LEGAL STANDARD FOR MOTIONS TO DISMISS UNDER FEDERAL
       RULE 12(b)(6)

A motion made under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a plaintiff's claims.  A complaint must provide "fair notice of what [the] claim is and the grounds upon which it rests" and must include a sufficient factual basis for the plaintiff's legal allegations to allow the defendant to prepare a fair response.  Conley v. Gibson, 355 U.S. 41, 47 (1957).  In considering a motion under Rule 12(b)(6), the Court therefore must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted in it as true.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S.544, 555, 127 S. Ct. 1955, 1965 (2007).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief'. . .  [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009), citing Twombly, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

do.'" Id., quoting 550 U.S. at 555.  "Nor does a complaint suffice if it tenders 'naked accusations'

devoid of 'further factual enhancement.'" Id., quoting 550 U.S. at 557.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (int'l

punctuation omitted), citing 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Id., citing 550 U.S. at 556.  "Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of [an] entitlement to relief." Id. (int'l punctuation omitted), citing

550 U.S. at 557.

> Two working principles underlie [the Supreme Court's] decision in
> Twombly.  First, the tenet that a court must accept as true all of the
> allegations contained in a complaint is inapplicable to legal conclusions.
> Threadbare recitals of the elements of a cause of action, supported by
> mere conclusory statements, do not suffice. . . . . Rule 8 marks a notable
> and generous departure from the hyper-technical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions.  Second, only a complaint that
> states a plausible claim for relief survives a motion to dismiss. . . . [W]here
> the well-pleaded facts do not permit the [C]ourt to infer more than the
> mere possibility of misconduct, the complaint has alleged – but it has not
> "shown" – "that the pleader is entitled to relief." Id. at 1949-1950 (int'l
> punctuation omitted), citing 550 U.S. at 556 & Fed. R. Civ. P. 8(a)(2).

"In keeping with these principles, a court considering a motion to dismiss can choose to

begin by identifying pleadings that, because they are no more than conclusions, are not entitled

to the assumption of truth.  While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations.  When there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." Id. at 1950.

"In summary, a complaint may be dismissed either because it alleges facts for which the court cannot grant relief, or because it states a claim that is cognizable but speculative because it is not supported by facts." Adolf Jewelers, Inc. v. Jewelers Mut. Ins. Co., No. 3:08cv233, 2008 WL 2857191, *1 (E.D. Va. Jul. 21, 2008), citing Twombly, 127 S. Ct. at 1964, 1966 & Eastern Shore Markets, Inc. v. J. D. Assocs. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).

"The presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a" claim. Young v. City of Mt. Rainier, 238 F.3d 567, 577 (4th Cir. 2001). See also Eastern Shore Markets, 213 F.3d at 180 (courts are not required to accept as true unwarranted inferences, unreasonable conclusions, or arguments).

## II.   THE COMPLAINT FAILS TO ALLEGE GROUNDS SUPPORTING ANY PLAUSIBLE CLAIMS FOR RELIEF AGAINST DOLGENCORP

Branham's Complaint does not allege a plausible claim against Dolgencorp. The Complaint consists of just four short paragraphs, alleging, in total, the following:

(1)   "On June 8, 2007, [Branham] was severely and permanently injured when she fell at Dollar General Store [sic] at 171 Ambriar Plaza in Amherst County, Virginia. The Store was owned and operated by the Defendant and employees and agents of the Defendant." (Compl., ¶ 1.)

(2)   Branham "fell due to the negligence of the Defendants [sic] agents and employees who negligently failed to remove the liquid from the floor and had negligently failed to place warning signs to alert and warn [Branham] of the wet floor. The Defendants [sic] thru [sic] its employees breached their duty to warn [Branham] of the dangerous wet floor." (Compl., ¶ 2.)

(3)   "As a direct result of the negligence of the Defendants [sic] agents and employees, acting in the scope of their employment, [Branham] was severely and permanently injured. She lost many of the pleasures of life. She suffered pain. She has incurred medical and hospital bills. Her ability to earn an income was dissipated." (Compl., ¶ 3.)

(4)     Branham "seeks a judgment in the amount of Three Hundred Thousand
        Dollars ($300,000.00) against the Defendant." (Compl., ¶ 4.)

Those four paragraphs constitute the entirety of Branham's Complaint.  <u>Nowhere</u> does

Branham allege how she purportedly slipped and fell while at Dolgencorp's premises – she alleges

only that she slipped and fell, and that Dolgencorp acted negligently by not removing some

unknown liquid from the floor and/or by not warning of that unknown liquid.  There is no allegation

that the unnamed liquid contributed to Branham's fall, nor is there any allegation as to what kind of

"liquid" was present, or even why Branham was at Dolgencorp's premises.  And Branham offers no

allegations as to just what "severe and permanent" injuries she claims to have sustained, or what

"pleasures of life" she contends she has lost.  (See Compl., ¶¶ 1, 3.)

In truth, most of the very little that Branham alleges is pure legal conclusion.  Thus, as

Branham's bare-bones allegations do not state a sufficient factual basis for the Court "to infer more

than the mere possibility of misconduct" entitling her to relief, <u>Ashcroft</u>, 129 S. Ct. at 1950, her

Complaint fails to "state a claim to relief that is plausible on its face."  <u>Id.</u> at 1949.  For at least

that reason, the Complaint should be dismissed.


<u>CONCLUSION</u>

The U.S. Supreme Court has made clear in <u>Twombly</u> and now, most recently, in

<u>Ashcroft</u>, that it is no longer sufficient for a plaintiff to allege only a vague, conclusory violation

of a legal duty by a defendant in order to state a claim for relief.  "Where a complaint pleads

facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of [an] entitlement to relief."  <u>Id.</u> at 1949 (int'l punctuation & citation

omitted).  Branham's Complaint alleges only that much – a vague, limited set of facts which,

though consistent with Dolgencorp's potential liability to Branham, do not state a plausible

entitlement to relief.  Branham's Complaint therefore cannot survive Dolgencorp's Motion to

Dismiss, and should be dismissed, with prejudice.

DOLGENCORP, INC.

By:    MIDKIFF, MUNCIE & ROSS, P.C.

Of Counsel

James G. Muncie, Jr.  (VSB No. 28660)
Kevin T. Streit  (VSB No. 45024)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600
(804) 560-5997 (facsimile)
jmuncie@midkifflaw.com
kstreit@midkifflaw.com
*Counsel for Dolgencorp, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was sent by first-class mail, postage pre-paid, this 29th day of June, 2009, to the following counsel of record:

Robert S. Ganey, Esq.
Post Office Box 174
Hanover, Virginia 23069
*Counsel for the Plaintiff*


_____
Of Counsel

James G. Muncie, Jr.  (VSB No. 28660)
Kevin T. Streit  (VSB No. 45024)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600
(804) 560-5997 (facsimile)
jmuncie@midkifflaw.com
kstreit@midkifflaw.com
*Counsel for Dolgencorp, Inc.*