CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 21 2009
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HOLLY BRANHAM,<br><br>    *Plaintiff,*<br><br>v.<br><br>DOLGENCORP, INC.,<br><br>    *Defendant.* | CIVIL NO. 6:09-CV-00037<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's timely objections to the order entered by U.S. Magistrate Judge Michael F. Urbanski on August 11, 2009. That order granted the Plaintiff's motion for a jury trial, which the Defendant had opposed. The Defendant argues that the Magistrate Judge erroneously interpreted the Plaintiff's motion as one pursuant to Rule 39(b), and failed to apply the appropriate standard of review to such motions.

In the Pretrial Order entered on July 28, 2009, I referred all pretrial non-dispositive motions, such as the Plaintiff's motion for a jury trial, to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). Accordingly, I will reconsider the Magistrate Judge's decision only if it is shown to be clearly erroneous or contrary to law. *Id.*; *see also* Fed. R. Civ. P. 72(a). A district court owes substantial deference to a Magistrate Judge in considering a ruling on a non-dispositive motion. *See FEC v. Christian Coalition*, 178 F.R.D. 456, 460 (E.D.Va.1998); *Neighborhood Development Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D.Md. 2005). Under the clearly erroneous standard, the Magistrate Judge's findings of fact should be affirmed unless the Court's review of the entire record creates "the definite and firm conviction that a

mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir.1985) (*citing United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Magistrate Judge found that the Plaintiff's jury demand was untimely under Rule 81(c)(3) of the Federal Rules of Civil Procedure. However, the Magistrate Judge construed the Plaintiff's motion as one made under Rule 39(b), which provides that if "a jury trial is not properly demanded . . . the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Finding that the Plaintiff's jury demand was only negligibly late, and that no prejudice to the Defendant would result, the Magistrate Judge granted the Plaintiff's motion. The Defendant objects to the Magistrate Judge's construction of the motion as one under Rule 39(b). The Defendant also argues that even if the motion may be construed as one under Rule 39(b), the Magistrate Judge failed to apply the correct standard of review.

The Plaintiff's motion for a jury trial did not cite to Rule 39(b) or any other legal authority. The Defendant argues that because the Plaintiff did not cite to Rule 39(b) in her motion, the Magistrate Judge could not have construed it as such. Rule 7(b) provides that a motion must "state with particularity the grounds for seeking" a court order. Fed. R. Civ. P. 7(b). Nonetheless, because the Plaintiff's right to a jury trial is at stake, the interests of justice appear to require a liberal construction of the instant motion. *See Wertz v. Grubbs*, 1995 WL 3164, at n.* (4th Cir. 1995) (Widener, J., concurring) ("Certainly, in the ordinary case, it is to be preferred that counsel comply strictly with the Rules of Civil Procedure. However, because the right to jury trial is a fundamental element of our judicial system, any manifestation of a party's desire for a jury trial should suffice as a motion under Rule 39(b).") (citing *Sofarelli Bros. v. Elgin*, 129 F.2d 785, 787 (4th Cir. 1942)); *see also DeWitt v. Hutchins*, 309 F.Supp.2d 743, 754

(M.D.N.C. 2004) (construing general demand for jury trial as motion under Rule 39(b)); *Lawrence v. Hanson*, 197 F.Supp.2d 533, 536-37 (W.D.Va. 2002) ("[A] court can grant a jury trial under Rule 39(b) even if a party's motion for jury trial is brought under some other rule."). Accordingly, I conclude that the Magistrate Judge was correct to treat the Plaintiff's jury demand as a Rule 39(b) motion, and the Defendant's objection will be overruled.

The Magistrate Judge correctly found, and the Defendant does not dispute, that the Plaintiff's jury demand was untimely, and thus constituted a waiver of her right to a jury trial. *See* Fed. R. Civ. P. 38(d). Nonetheless, Rule 39(b) gives a district court discretion to grant a jury trial despite the waiver. *See Malbon v. Pennsylvania Millers Mutual Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980). In determining whether to exercise that discretion, a court should consider the following factors: (1) whether the issue are more appropriately determined by a jury or a judge; (2) any prejudice to the opposing party by granting a jury trial; (3) the timing of the motion; (4) the effect of a jury trial on the court's docket; and (5) the reason for the failure to make a timely demand. *Dunning v. Henry Flack Intern., Inc.*, 2002 WL 1046712, 2 (W.D.Va. 2002) (citing *Malbon*, 636 F.2d at 940 n.11; *Vannoy v. Cooper*, 872 F.Supp. 1485, 1487 (E.D.Va. 1995)).

The Defendant argues that the Magistrate Judge failed to properly consider these factors in deciding to grant the Plaintiff's motion for a jury trial. However, the Magistrate Judge clearly considered at least two: the timing of the motion, and the prejudice to the Defendant. The Magistrate Judge concluded that because the motion was only eight days late, and because the Defendant could not articulate any prejudice as a result of the tardiness, it would be appropriate to grant the motion. Considering the remaining factors now, I cannot conclude that the Magistrate Judge's decision was clearly erroneous or contrary to law. The effect on the Court's docket is nonexistent because the Plaintiff's request was made sufficiently early in the litigation,

and the issues in this slip and fall case are appropriately determined by a jury rather than a judge. The Plaintiff has not cited any reason for her failure to make a timely jury demand, but on the other hand, the Defendant has failed to articulate any prejudice it suffers from the delay. Therefore, I agree with the Magistrate Judge that the balance of the Rule 39(b) factors and the interests of justice weigh in favor of granting the Plaintiff's motion for a jury trial. Accordingly, the Defendant's objections are overruled, and I will affirm the decision of the Magistrate Judge.

An appropriate Order will follow. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 21st Day of August, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE