CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 24 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| HOLLY BRANHAM, <br><br> *Plaintiff,* <br><br> v. <br><br> DOLGENCORP, INC., <br><br> *Defendant.* | CIVIL NO. 6:09-CV-00037 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendant's Motion to Dismiss (docket no. 3). The motion has been fully briefed, and because I grant the Defendant's motion but give the Plaintiff leave to amend the Complaint, I find that this matter may be adequately resolved without a hearing.

## I. BACKGROUND

This is a slip and fall case that was removed from state court by the Defendant on the basis of diversity jurisdiction. The Complaint contains few factual allegations, but it appears that the Plaintiff's claim arises out of a fall at a Dollar General store in Amherst County, Virginia. The Plaintiff alleges that there was liquid on the floor of the store, and alleges that the Defendant negligently failed to remove the liquid or to warn her of its presence. The Plaintiff alleges that as a result of her fall, she was severely and permanently injured, suffered pain, and incurred medical expenses. The Defendant moves to dismiss the Complaint for failure to state a claim under the pleading standard established by *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). *See* Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff must allege facts in the amended complaint that "state a claim to relief that is plausible on its face" and that "nudges [her] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## III. DISCUSSION

The Defendant argues that the Plaintiff has failed to allege sufficient facts to allow the Court to draw the reasonable inference that the Defendant is liable in this case. For example, the Defendant argues that the Complaint lacks any allegation of how the Plaintiff slipped and fell, any allegation of the nature of the liquid on the floor of the store, any allegation that the liquid caused the Plaintiff's fall, and any specific allegations regarding the injuries she suffered as a result of the fall. Therefore, the Defendant argues, the Complaint fails to include factual allegations relating to various elements of the Plaintiff's claim of negligence.

Sitting in diversity, federal courts apply the law of the forum state. *See Gauldin v. Virginia Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966) ("We look to the laws of Virginia to determine the extent of the duty and degree of care which defendant, engaged in the business of

operating a supermarket, owed to plaintiff as an invitee."); *see also Wells v. Liddy*, 186 F.3d 505 (4th Cir. 1999); *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Accordingly, I look to Virginia law to determine what the Plaintiff must allege in order to state a claim of negligence.

In Virginia, in order to establish negligence, a plaintiff must show to show the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King,* 585 S.E.2d 545, 548 (Va. 2003). Under Virginia law, store owners or occupiers are not insurers of their customers' safety. *Gauldin,* 370 F.2d at 169. However, store owners owe their customers "the duty to exercise ordinary care . . . as [their invitees] upon [their] premises." *Colonial Stores v. Pulley,* 125 S.E.2d 188, 190 (Va. 1962). "Ordinary care" means having the premises in a reasonably safe condition; removing foreign objects from the floors within a reasonable time, which the store owner placed there, or knew or should have known were there; and warning customers of unsafe conditions that were unknown to the customer but that were known or should have been known to the store owner. *Id.*

Where there is no evidence that the store owner caused the dangerous condition at issue, the plaintiff must establish that the defendant had actual or constructive notice of the dangerous condition on its premises and failed to remove it within a reasonable time or to warn the plaintiff of its presence. *Id.*; *Winn-Dixie Stores v. Parker*, 396 S.E.2d 649, 651 (Va. 1990); *Ashby v. Faison & Associates*, 440 S.E.2d 603 (Va. 1994). "[C]onstructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim v. Rahe, Inc.,* 434 S.E.2d 888, 890 (Va. 1993); *see also Pulley,* 125 S.E.2d at 190.

Finally, "[i]t is incumbent upon the plaintiff to show why and how the accident happened.

If that is left to conjecture, guess or random judgment, the plaintiff is not entitled to recover." *Murphy v. Saunders, Inc.*, 121 S.E.2d 375, 378 (Va. 1961); *see also Pulley*, 125 S.E.2d T 190 ("There was no evidence from which the jury could determine how, when, or by whom the bottle was placed on the floor. The verdict, therefore, could have been reached only as the result of surmise, speculation and conjecture. This being true, it was error for the trial judge to refuse to set it aside.").

In this case, the Plaintiff has failed to allege any facts that show how the liquid came to be on the floor, whether the Defendant knew or should have known of the presence of the liquid, or how the Plaintiff's accident occurred. Without such allegations, the Plaintiff cannot show that she has a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. While consistent with the possibility of the Defendant's liability, the Plaintiff's conclusory allegations that the Defendant was negligent because there was liquid on the flood, but that the Defendant failed to remove the liquid or warn her of its presence are insufficient to state a plausible claim for relief. *See id.* at 570.

### IV. CONCLUSION

Because the Plaintiff has failed to allege sufficient facts to state a claim for relief, the Defendant's Motion to Dismiss will be granted. However, the Plaintiff is granted leave to amend the Complaint within 15 days of the date of entry of this Opinion and the accompanying Order.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 24th Day of August, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

-4-

Case 6:09-cv-00037-NKM-mfu Document 29 Filed 08/24/09 Page 4 of 4 Pageid#: 113