IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| HOLLY BRANHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 6:09cv37-NKM-MFU |
| ) | |
| DOLGENCORP, INC., *etc.*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DOLGENCORP, INC.'S ANSWER TO HOLLY BRANHAM'S**
**AMENDED COMPLAINT**

The defendant, Dolgencorp, Inc. ("Dolgencorp"), by counsel, states the following in Answer to the Amended Complaint[1] filed in the above-captioned matter by the plaintiff, Holly Branham ("Branham"):

1. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Amended Complaint, and on that basis denies them as stated. Dolgencorp admits, however, that on or about June 8, 2007, Branham was present at its "Dollar General" retail outlet located at 171 Ambriar Plaza in Amherst, Virginia (the "Store").

---

[1] Dolgencorp maintains that Branham has not filed a valid Amended Complaint in this matter, as her purported Amended Complaint was filed outside the time limit provided under the Court's August 24, 2009 Order, without the Court's leave. Dolgencorp reserves all of its rights regarding Branham's invalid Amended Complaint, as stated in Dolgencorp's First Defense below. To the extent the Court might opt to grant Branham leave after-the-fact to file her tardy Amended Complaint, Dolgencorp makes this Answer thereto.

2. Dolgencorp admits that on the date alleged in Paragraph 1 of the Amended Complaint, it owned and operated the Store.  Dolgencorp denies all other fact allegations that Paragraph 2 of the Amended Complaint might be construed to allege.

3. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 3 of the Amended Complaint, and on that basis denies them as stated.  Dolgencorp admits, however, that the alleged Dolgencorp employee, "Jessica," was, in fact, employed by Dolgencorp at the Store, that she was assistant manager at the Store, and that, in response to Branham's request, "Jessica" assisted Branham by directing her to items about which Branham had inquired.

4. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Amended Complaint, and on that basis denies them as stated.  Dolgencorp admits, however, that its alleged employee, "Jessica," assisted Branham by directing her to items about which Branham had inquired.

5. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 of the Amended Complaint, and on that basis denies them.

6. Paragraph 6 of the Amended Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp lacks sufficient information to admit or deny such allegations, and on that basis denies them.

7. Paragraph 7 of the Amended Complaint states legal conclusions that do not require a response.  To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp lacks sufficient information to admit or deny such allegations, and on that basis denies them.

8. Paragraph 8 of the Amended Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp lacks sufficient information to admit or deny such allegations, and on that basis denies them.

9. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Amended Complaint, and on that basis denies them.

10. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 of the Amended Complaint, and on that basis denies them.

11. Dolgencorp lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 of the Amended Complaint, and on that basis denies them.

12. Paragraph 12 of the Amended Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp lacks sufficient information to admit or deny such allegations, and on that basis denies them.

13. Paragraph 13 of the Amended Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp denies them.

14. Paragraph 14 of the Amended Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp denies them.

15. Paragraph 15 of the Amended Complaint states legal conclusions that do not require a response. To the extent that Paragraph might be construed to allege allegations of fact, Dolgencorp denies them.

16. Dolgencorp hereby denies all fact allegations in the Amended Complaint that are not otherwise expressly admitted herein.

## DEFENSES

### FIRST DEFENSE

Branham's purported Amended Complaint is not a valid pleading, as it was filed outside the time provided under the Court's Order entered on August 24, 2009, without leave of the Court. For that reason, the purported Amended Complaint should be stricken from the Court's record. Dolgencorp has no duty to respond to the purported Amended Complaint, and reserves all of its rights in that respect.

### SECOND DEFENSE

Branham's Amended Complaint fails to state a claim for which the Court may grant Branham relief.

### THIRD DEFENSE

Dolgencorp denies that it or anyone else for whose actions it is legally responsible was guilty of any negligence, gross negligence, or other act or omission constituting a proximate cause of the alleged injuries and damages.

### FOURTH DEFENSE

Dolgencorp avers that Branham and/or others for whose acts Dolgencorp is not legally responsible were guilty of acts or omissions, whether negligent or not, which were the sole proximate cause of Branham's alleged injuries and damages; and/or that the acts or omissions of

Branham and such others combined as the sole proximate cause of the alleged injuries and damages.

## FIFTH DEFENSE

Dolgencorp avers that Branham was guilty of or chargeable with an actionable degree of contributory negligence which bars any recovery herein.

## SIXTH DEFENSE

Dolgencorp avers that it will rely upon the defense that Branham assumed the risk of the alleged injuries and damages.

## SEVENTH DEFENSE

Dolgencorp avers that it converted to a limited liability company on or about October 9, 2008, under the laws of the Commonwealth of Kentucky, and that it no longer exists as a corporation. Dolgencorp's correct name is Dolgencorp, LLC.

## EIGHTH DEFENSE

Dolgencorp reserves the right to amend this Answer prior to trial to state all such other, further defenses occasioned by the evidence developed in the course of this proceeding.

WHEREFORE, Dolgencorp respectfully prays that the Court enter an Order, adjudging, ordering, and decreeing that:

(1)    Dolgencorp has no duty to pay any amount whatsoever to Branham;

(2)    Judgment is entered in favor of Dolgencorp and against Branham; and

(3)    Dolgencorp is awarded all such other and further relief that the Court deems appropriate and just.

       Respectfully submitted,

       DOLGENCORP, INC.

       By: MIDKIFF, MUNCIE & ROSS, P.C.


         /s/ Kevin T. Streit
          Of Counsel

James G. Muncie, Jr.  (VSB No. 28660)
Kevin T. Streit  (VSB No. 45024)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600
(804) 560-5997 (facsimile)
jmuncie@midkifflaw.com
kstreit@midkifflaw.com
*Counsel for Dolgencorp, Inc.*

- 6 -

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2009, a true and accurate copy of the foregoing was sent by operation of the Court's electronic filing system to the following counsel of record:

Robert S. Ganey, Esq.
Post Office Box 174
Hanover, Virginia 23069
RobertSGaney@aol.com
*Counsel for the Plaintiff*

          /s/ Kevin T. Streit
          Of Counsel

James G. Muncie, Jr.  (VSB No. 28660)
Kevin T. Streit  (VSB No. 45024)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600
(804) 560-5997 (facsimile)
jmuncie@midkifflaw.com
kstreit@midkifflaw.com
*Counsel for Dolgencorp, Inc.*